**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

In the Matter of:

Robert Eugene Tedford
Kelly Rene Tedford,                                                    Case No.  14-00008-als7

                    Debtors.                                             Chapter 7

**MEMORANDUM OF DECISION
(date entered on docket: August 5, 2014)**

      Robert and Kelly Tedford filed a voluntary chapter 7 petition on January 2, 2014.  The U.S. Trustee filed a Notice of Presumption of Abuse which was followed by a Motion to Dismiss this case under 11 U.S.C. section 707(b).  The Debtors have objected to this Motion.  At the conclusion of a final evidentiary hearing conducted on July 10, 2014 the matter was placed under advisement.  The court has jurisdiction of these matters pursuant to 28 U.S.C. sections 157(b)(1) and 1334.  For the reasons stated herein the Motion to Dismiss is granted.

FACTS

      The Tedfords ("Debtors") filed a Chapter 7 Statement of Current Monthly Income and Means-Test Calculation ("Form 22A") which indicated that the presumption of abuse did not arise in their case based upon the information contained in that document.  An amended Form 22A[1] was filed on May 6, 2014 which also stated that the presumption did not arise.  In that revised filing the following monthly income was identified:  Robert Tedford's at $2,296.67 and Kelly Tedford's at $4,485.72 for a combined monthly income of $6,782.39.  These figures result

---

[1] This is the document relied upon by the Debtors at the evidentiary hearing.  Consequently, the original Form 22A is not considered for purposes of this ruling.

in an annualized income of $81,388.68 which exceeds the applicable median for a two person household in Iowa. After subtracting their designated deductions from their combined monthly income on Form 22A the Debtors calculate their monthly disposable income at $7.05 which permits them to initially pass the presumption determination. In its Motion, the United States Trustee ("UST") raises arguments under both 11 U.S.C. sections 707(b)(2) and 707(b)(3). In support of these allegations the UST has supplied comparisons that dispute the current monthly income figures and deductions taken by the Debtors on their amended Form 22A and the Debtors' income and expenses on their amended Schedules I and J.

## DISCUSSION

A court may dismiss a chapter 7 case filed by an individual debtor with primarily consumer debts if the court finds that granting the debtor relief would be an abuse. See 11 U.S.C. § 707(b)(1) (2014). Section 707(b) is only applicable to debtors whose debts are primarily consumer debts. "Consumer debt" is defined in 11 U.S.C. section 101(8) as "debt incurred by an individual primarily for a personal, family, or household purpose." On Debtors' Schedules, they checked the box indicating that their debts were primarily consumer debts. This fact was not disputed in the pleadings or at the hearing.

With the enactment of BAPCPA, a bankruptcy court need only find that granting relief would be an "abuse" of the provisions of chapter 7.[2] See In re Booker, 399 B.R. 662, 665 (Bankr. W.D. Mo. 2009). The presumption of abuse is governed by 11 U.S.C. section 707(b) which provides, in relevant part:

> (1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee . . . may dismiss a case filed by an individual debtor under

---

[2] The prior Code provision required a finding of "substantial abuse." 11 U.S.C. § 707(b) (2004).

this chapter whose debts are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of the provisions of this chapter.

(2)(A)(i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of-

> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,475, whichever is greater; or

> (II) $12,475.

…

(B)(i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

(ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide –

> (I) documentation for such expense or adjustment to income; and

> (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.

(iii) The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.

(iv) The presumption of abuse may only be rebutted if the additional expenses or adjustments to income referred to in clause (i) cause the product of the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv) of subparagraph (A) when multiplied by 60 to be less than the lesser of –

> (I) 25 percent of the debtor's nonpriority unsecured claims, or $7,475, whichever is greater; or

> (II) $12,475.

11 U.S.C § 707(b) (2014). The U.S. Trustee bears the burden of proof in showing that there is a presumption of abuse under 707(b)(2). In re Booker, 399 B.R. at 665.

An objective financial means test has been implemented by the Bankruptcy Code to measure a debtor's financial condition at the time of filing and to determine whether a debtor's filing constitutes abuse. The income portion of this test involves computation of current monthly income ("CMI") which is comprised of an average of the gross income received during the six months *prior* to filing. Expenses permitted under the Internal Revenue Service's national and local standards ("IRS Standards") are then deducted from CMI to determine the amount of any available disposable income.

Based upon the Debtors' actual pay advices for the six month period prior to their filing, the UST calculated the Tedfords' combined CMI at $7,793.72, an amount that is $1,000 higher than the combined income calculated on the Debtors' amended Form 22A. The UST further asserts that when the correct IRS Standards are applied, and payment of secured obligations over 60 months are taken into account, the Debtors have disposable income of approximately $1,200 per month. When the appropriate figures are utilized in Form 22A the Court finds that a presumption of abuse arises in the Debtors' case.

Once the presumption of abuse arises, the Debtors must rebut the presumption by a showing of special circumstances. See 11 U.S.C. § 707(b)(2)(B). "Courts will often look to a reduction in a debtor's income relative to the income received in the statutory six-month period preceding the filing date . . . in determining whether special circumstances exist." In re Bohnenblusch, No. 10-79097-ast, 2011 WL 1102809, at *2 (Bankr. E.D.N.Y. Mar. 21, 2011) (citing 6 Collier on Bankruptcy 707.04[3][d] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010) ("Such special circumstances could be simply a reduction in the debtor's income below

the current monthly income figure."); 4 Bankr. Serv. L.Ed. § 37.366 (Updated 2011); cf. Hamilton v. Lanning, 560 U.S. 505 (2010) (permitting courts to consider known or certain future changes in income when determining projected disposable income for Chapter 13 plan confirmation purposes under Code Section 1325)). "However, not every such change in income justifies a departure from the statutory calculation of income which is based on income received within the six months preceding the filing date." Id.

The court in In re Haman discussed the burden that a debtor has when proving special circumstances.

> For the Debtor to successfully demonstrate a special circumstance, she must fulfill both the procedural and substantive requirements of section 707(b)(2)(B). To satisfy the procedural requirements, a debtor must "itemize each additional expense or adjustment of income and . . . provide . . . (I) documentation for such expense or adjustment to income; and (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable." Additionally, a debtor must "attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required."

366 B.R. 307, 312 (Bankr. Del. 2007) (citing 11 U.S.C. § 707(b)(2)(B)(ii) and (iii)). The Bankruptcy Code does not define "special circumstances" but provides two conditions that qualify as special circumstances: a serious medical condition and active duty in the Armed Forces. 11 U.S.C. § 707(b)(2)(B)(i) (2014). Most courts have not restricted a finding of special circumstances to only those examples described in the statute. See In re Haman, 366 B.R. at 314. "[T]he plain meaning of 'special' provides some instruction to the Court that the expense or adjustment to income in question must be out of the ordinary or exceptional in some way." In re Delbecq, 368 B.R. 754, 756-57 (Bankr. S.D. Ind. 2007). "[E]very conceivable unfortunate or 'unfair'" circumstance does not qualify as a "special circumstance" to "rebut the presumption of abuse." In re Maura, 491 B.R. 493, 511 (Bankr. E.D. Mich. 2013). While the Bankruptcy Code

does not require that the special circumstances can only be involuntary in nature, they must be highly unusual.

> Both a reading of the plain unambiguous language of 11 U.S.C. Section 707(b)(2)(B) and the BAPCPA legislative history lead to the same result: A debtor asserting "special circumstances" in support of additional expenses or income adjustment must establish the circumstances are extraordinary or exceptional, are unexpected or involuntary, and place the debtor in dire need of Chapter 7 relief.

In re Stocker, 399 B.R. 522, 532 (Bankr. M.D. Fla. 2008). The standard to rebut the presumption under section 707(b) is "extremely high, placing it effectively off limits for most debtors." In re Haar, 360 B.R. 759, 760 (Bankr. N.D. Ohio 2007).

Testimony and exhibits were supplied by the Debtors to establish special circumstances. Mr. Tedford testified that his income has decreased since the bankruptcy filing because he changed jobs to endure less physical activity which resulted in a reduction in his wages. His current job requires him to travel approximately 30 miles round trip from his home, while before, he and his wife carpooled to work. He explained that he performs the maintenance on the family's vehicles, which due to their age and condition can be substantial. According to Mrs. Tedford's testimony, the overtime reflected in her pay advices did not continue in 2014 and she is anticipating that this will be the case in the future. She also stated that their home has sustained damage and they owe approximately $4,000 in back taxes that are not currently being paid. Both Debtors recount that accidents with deer are not uncommon in their vicinity, and that in fact they have been involved in two such incidents in the last two years.[3] When specifically

---

[3] The Court infers that the Tedfords are relying upon In re Batzkeil, 349 B.R. 581 (Bankr. N.D. Iowa 2006), in raising this factual issue in support of special circumstances. However, unlike the Batzkeils, these Debtors have not convinced the Court that their historical or potential encounters with deer have resulted in a substantive effect on their monthly budget.

asked, the Tedfords state that they are unable to make any payments to their creditors under their current financial circumstances.

The adjustment to income to reflect post-filing reductions does not result in a substantially different result from the CMI calculated upon the prior six months of earnings. In fact, the Debtors' own Form 22A indicates that they are above the median income. The Debtors' case turns almost entirely on special circumstances related to expenses that exceed the IRS standards.

Form 22A section 56 provides an opportunity for debtors to claim expenses that are in excess of the IRS monthly standards permitted under the means test. The Tedfords did not include any items on this portion of their Form 22A.

Although there were exhibits provided to reflect car repair expenses that have been incurred, there were no details provided which would explain that these expenses are beyond what is provided for under the IRS Standards. Further, the expenses incurred for home repairs from storm damage appear to arise from an isolated circumstance which one would not expect to continue on an ongoing monthly basis. The evidence provided by Debtors does not contain sufficient detailed information on their monthly transportation expenses and car and home repairs to evaluate the amount of their actual monthly expenses.

The tax debt was not disclosed by the Debtors until an amendment was filed to Exhibit E on May 6, 2014. Although this represents an outstanding obligation, it may be treated as a priority claim and included in the estimated debt payments on Form 22A. Utilizing the figures contained on Amended Schedule E filed at docket number 39 results in monthly debt service of approximately $95.42. Even if this obligation had been included in the amended Form 22A and

in the UST's calculation the determination that the presumption of abuse arises and that special circumstances have not been established does not materially change.

A careful review of the evidence only proves that the Debtors have incurred some specific expenses. The record does not provide a frame of reference as to the actual expenses the Debtors experience on a monthly basis to determine whether there is a deviation from the IRS Standards that might qualify as a special circumstance.

Because the presumption of abuse has been established under 11 U.S.C. section 707(b)(2) the Court will not engage in a detailed analysis of the UST's argument under 11 U.S.C. section 707(b)(3).

The Court finds that the U.S. Trustee has met its burden of proving abuse based upon the means test in Form 22A pursuant to 11 U.S.C. section 707(b)(2).

IT IS ORDERED that

1. The Debtors' Objections are overruled and the Motion is granted.
2. The Debtors shall have fourteen (14) days from the date of this Order to convert their case to a chapter 13 or the case will be dismissed without further notice and hearing.

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Chapter Case